[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14282
Non-Argument Calendar

_____

BIA No. A97-943-814

XIU FANG ZHOU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 6, 2008)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Xiu Fang Zhou, through counsel, seeks review of the Board of Immigration

Appeals (BIA) decision affirming the Immigration Judge's (IJ) order denying her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). On appeal, Zhou argues that her due process rights were violated when the IJ denied her application because it found that she failed to provide detailed testimony.[1] Zhou also argues that the BIA erred in finding that she failed to provide corroborating documentation. Further, Zhou argues that her responsive and consistent testimony, coupled with her corroborating documentation, established both past persecution and a well-founded fear for future persecution.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Here, the BIA issued its own opinion, but "agreed" with the IJ's reasoning. Accordingly we review the BIA's decision, and the underlying IJ's decision to the extent the BIA agreed with the IJ.

We review factual determinations that an alien is entitled to relief under the substantial evidence test; and we affirm the decision if it is supported by

---

[1] We do not reach the merits of this claim because Zhou failed to exhaust her administrative remedies. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006).

reasonable, substantial, and probative evidence on the record considered as a whole. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). The substantial evidence test is "highly deferential," and we may reverse the decision below only if the evidence compels, instead of merely supports, the conclusion that the IJ or BIA erred. Alim v. Gonzales, 446 F.3d 1239, 1254 (11th Cir. 2006). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding of removal claim). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proof is on the alien to establish that she is a refugee by offering "credible, direct, and specific evidence in the record." Forgue, 401 F.3d at 1287. Although the burden at an asylum hearing is on the petitioner, the IJ has an obligation to establish and develop the record. See Kaur v. Ashcroft, 388 F.3d 734, 737 (9th Cir. 2004); Al Khouri v. Ashcroft, 362 F.3d 461, 465 (8th Cir. 2004). As a threshold matter, the IJ "must make clean determinations of credibility." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). In Yang, we held that the IJ's references to Yang's claim as a "ridiculous fabrication" and Yang's testimony as "extremely inconsistent" did not constitute an adverse credibility

3

finding.  Id.  If the IJ does not make a specific finding as to credibility, the petitioner's testimony is presumed to be credible.  Niftaliev v. U.S. Att'y Gen., 504 F.3d 1211, 1216 (11th Cir. 2007).  Further, we have held that it is reversible error for the court to require corroborating documentation from a petitioner who is found to be credible, and testifies with sufficient detail.  Id. at 1217.

Here, neither the IJ nor the BIA made an explicit adverse credibility finding. Instead, although credibility concerns were identified, the IJ and BIA focused on the deficiencies of Zhou's testimony in meeting her burden.  Therefore, Zhou's testimony is presumed to be credible.  See id. at 1216.  Thus, the BIA's requirement that she provide corroborating evidence was error.  See id. at 1217. However, the BIA's error is harmless because Zhou cannot demonstrate she has suffered past persecution or well founded fear of future persecution.

An alien who arrives in or is present in the United States may apply for asylum.  See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1).  The Attorney General has discretion to grant asylum if the alien meets the INA's definition of "refugee."  See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  A "refugee" is

> any person who is outside any country of such person's nationality or,
> in the case of a person having no nationality, is outside any country in
> which such person last habitually resided, and who is unable or
> unwilling to return to, and is unable or unwilling to avail himself or
> herself of the protection of that country because of persecution or a
> well-founded fear of persecution on account of race, religion,
> nationality, membership in a particular social group, or political

4

opinion.

INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A).

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. If the alien establishes past persecution, it is presumed that her life or freedom would be threatened upon a return to that country unless the government shows by a preponderance of the evidence that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon her removal or that the alien could relocate within the country and it would be reasonable to expect her to do so. 8 C.F.R. § 208.13(b)(1). An alien who has not shown past persecution may still be entitled to asylum if she can demonstrate a future threat to her life or freedom on a protected ground country-wide in her country. Id. §§ 208.13(b)(2), 208.16(b)(2). To establish a "well-founded fear," "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289.

An asylum applicant can establish a well-founded fear of future persecution by presenting "specific, detailed facts showing a good reason that he or she will be singled out for persecution on account of" the statutorily listed factor. Sepulveda

v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2004) (quotation omitted). Alternatively, an applicant can also establish a well-founded fear of persecution, without showing that he would be singled out for persecution, if the applicant establishes that there is a pattern or practice of persecution of persons similarly situated to the applicant on account of their race, religion, nationality, membership in a particular social group or political opinion. 8 C.F.R. § 208.13(b)(2)(iii). The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration. Id. §§ 208.13(a), 208.16(b). However, "[t]he weaker an applicant's testimony . . . the greater the need for corroborative evidence." Yang, 418 F.3d at 1201.

We have held that not all "exceptional treatment" constitutes persecution. Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290 (11th Cir.). We have described persecution "as an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Id. (internal quotations omitted). Incarceration may rise to the level of persecution, but it is not conclusive evidence of the same. Id.

To qualify for withholding of removal under the INA, an alien must show that his or her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The evidentiary burden for withholding of

6

removal is greater than that imposed for asylum, accordingly, if an alien has not met the well-founded fear standard for asylum, he generally cannot meet the standard for withholding of removal. Al Najjar, 257 F.3d at 1292-93.

The burden of proof for an applicant seeking relief under the CAT, like that for an applicant seeking withholding of removal under the INA, is higher than the burden imposed on an asylum applicant. Id. at 1303.

Substantial evidence supports the BIA's finding that petitioner failed to meet her burden of proof to establish her claim of asylum because she did not show that she had suffered past persecution or a well-founded fear of future persecution. Zhou's two arrests, more than two and one-half years apart, where she suffered some bruising and a bloody nose did not rise to the level of persecution. Because Zhou failed to meet her burden to establish eligibility for asylum, which caries a lower burden of proof than for the withholding of removal and CAT relief, her withholding of removal and CAT claims necessarily fail. See id. at 1292-93, 1303.

Upon careful review of the record on appeal and consideration of the parties' briefs, we find no reversible error. Accordingly, petitioner's petition is dismissed in part, and denied in part.

**PETITION DISMISSED IN PART, AND DENIED IN PART.**